UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID ROY<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br>UBS FINANCIAL SERVICES, INC., f/k/a<br>UBS PAINE WEBBER, INC.,<br>And various John and Jane Does,<br>Alias, and John Doe Corporations,<br>Alias,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 07-107 S |

**DEFENDANT GENERAL ELECTRIC COMPANY'S MOTION TO DISMISS**

Defendant General Electric Company moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff David Roy's complaint for failure to state a claim upon which relief may be granted. The grounds for this motion are set forth in the accompanying memorandum of law.

GENERAL ELECTRIC COMPANY
By its Attorneys,

*/s/ David A. Wollin*

DAVID A. WOLLIN (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
Dated: May 25, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of May, 2007, I did send a true copy of the within document by electronic means (ECF) to the following:

William M. Kolb, Esq.
One Ship Street
Providence, RI 02903

Christine M. Curley, Esq.
275 Beacon Drive
North Kingstown, RI 02852

*/s/ David A. Wollin*

*417263_1.doc*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID ROY<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br>UBS FINANCIAL SERVICES, INC., f/k/a<br>UBS PAINE WEBBER, INC.,<br>And various John and Jane Does,<br>Alias, and John Doe Corporations,<br>Alias,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 07-107 S |

**DEFENDANT GENERAL ELECTRIC COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant General Electric Company hereby submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff David Roy's ("Roy") complaint for failure to state a claim upon which relief may be granted.

## FACTS

On a motion to dismiss pursuant to Rule 12(b)(6), the well-pled facts must be taken as true and all reasonable inferences must be drawn in favor of the plaintiff. *Figueroa v. Rivera*, 147 F.3d 77, 80 (1st Cir. 1998). The Court exempts those "facts" which "have since been conclusively contradicted by plaintiff['s] concessions or otherwise, and likewise eschew[s] any reliance on bald assertions, unsupported conclusions, and opprobrious epithets." *Chongris v. Board of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987).

In the complaint, Roy alleges that he was an employee of GE from on or about September 5, 1977 until September 14, 2001. Complaint at ¶ 8. On at least three occasions, as a GE employee, he was given stock options to purchase shares of GE common stock as part of an incentive program to reward employees for their performance. *Id*. at ¶ 9. The stock option program was administrated for GE by Defendant UBS Financial Services, formerly known as UBS Paine Webber, Inc. ("UBS"). *Id*. at ¶¶ 3, 10.

On or about February 10, 1995, Roy was awarded 3,000 stock options and later exercised 500, leaving a balance of 2,500. *Id*. at ¶ 11. On or about July 16, 1996, Roy was awarded 9,000 stock options and has never exercised them. *Id*. at ¶ 12. In addition, on or about December 1997, Roy was awarded 3,000 stock options and has never exercised them. *Id*. at ¶ 13. Pursuant to GE's stock option program, 50% of the stock options for each grant became available for exercise in the third September following the grant date and the remaining 50% became exercisable in the fifth September following the grant date. *Id*. at ¶ 14. Thus, all of Roy's options became exercisable on or before September 12, 2002. *Id*.

On September 14, 2001, Roy was laid off from employment with GE. *Id*. at ¶ 16. As part of his severance agreement, Roy was given 24 weeks of salary and other benefits. *Id*. at ¶ 17. Although Roy's complaint alleges that, as a result, the 24 weeks expired "on or about March 14, 2002," *id*. at ¶ 17, Roy has miscalculated the 24 weeks. Based on the 2001-2002 calendar, of which this Court can take judicial notice, Roy's employment with GE terminated on March 1, 2002. Exhibit 1 (calendars for 2001-2002).[1] Pursuant to GE's stock option program, upon a layoff or plant closing, all exercisable stock options expired one year after termination of

---

[1] This Court can take judicial notice of the calendars for 2001-2002. Fed. R. Evid. 201; *Young v. Mabry*, 596 F.2d 339, 343 (8th Cir. 1979); *Wilson Fertilizer & Grain, Inc., v. Sagamore Nat'l Corp*., C.A. No. IP 02-029-C-TK, 2002 WL 31968236, at *7 (S.D. Ind. Dec. 17, 2002); *Rodriguez v. Lauren*, 77 F. Supp.2d 643, 650 n.19 (E.D. Pa. 1999).

service. *Id*. at ¶ 18. In Roy's case, although his complaint alleges the one year ended "on or about March 14, 2003," *id*. at ¶ 18, the stock options expired one-year from the March 1, 2002 termination date or March 1, 2003.

On March 10, 2003, Roy checked the official website for UBS in order to exercise his options in the belief that the options expired on or about March 14, 2003. *Id*. at ¶ 19; Exhibits A-B to Roy's complaint. At that time, the official website stated that Roy's options did not expire until March 1, 2004. *Id*. at ¶ 20; Exhibit B to Roy's complaint. On the same day, Roy also spoke to someone from UBS who confirmed that Roy's options did not expire until March 1, 2004. *Id*. at ¶ 21. Based on the information given to him that day by UBS's employee and as obtained from UBS's official website that day, Roy alleges he did not exercise his options on March 10, 2003. *Id*. at ¶ 22. Roy claims that but for UBS's representations and assurances, Roy would have exercised his stock options on March 10, 2003. *Id*. at ¶ 23. On or about March 10, 2003, the pending and exercisable value of Roy's options was $131,819.35. *Id*. at ¶ 24.

In December 2003, Roy tried again to gain access to UBS's website to check on his options, but his access was denied. *Id*. at ¶ 25. In addition, he was informed by an employee of UBS that his stock options account no longer existed. *Id*.

On March 23, 2007, Roy filed suit against GE and UBS. Roy has asserted claims against GE for breach of contract (count I), breach of the duty of good faith and fair dealing (count II), promissory and/or equitable estoppel (count III), negligent misrepresentation (count IV), fraudulent misrepresentation (count V), negligence (count VI) and unjust enrichment (count VII).

GE now moves to dismiss all counts of the complaint asserted against it.

**ARGUMENT**

This Court should dismiss Roy's complaint with prejudice because, as a matter of law, he cannot state a claim upon which relief may be granted. Based on the allegations of Roy's complaint, he has no claim against GE. Roy was laid off on September 14, 2001, and was given 24 weeks of salary and benefits, bringing his official termination date to March 1, 2002. Exhibit 1 (calendar for 2001-2002). By his own admission, he had one year from his official termination date to exercise his options or March 1, 2003. When Roy failed to exercise those options, they expired. *See Reynolds v. Maples*, 214 F.2d 395, 398 (5th Cir. 1954) (failure to exercise option by deadline resulted in no binding contract being formed); *Onanuga v. Pfizer, Inc.*, 369 F. Supp.2d 491, 496-97 (S.D.N.Y. 2005) (upon expiration of unexercised stock options, there is no contract); *Page v. Shainwald*, 169 N.Y. 246, 252-53, 62 N.E. 356, 357-58 (1901) (where an option has expired by failure to make a tender on a day specified, it cannot be enforced "and the situation was precisely the same as if there had never been one").[2]

Roy's allegations that he checked the UBS website and spoke to a UBS employee on March *10*, 2003, and was allegedly given misinformation about the stock options expiration date are irrelevant. Even assuming, *arguendo*, that these allegations are true, they did not occur until the stock options had already expired more than a week earlier. Thus, whatever the merits of Roy's allegations about GE's and UBS's conduct, which allegations form the basis for all the claims, they do not change the fact that such conduct could not have caused Roy to refrain from exercising options that had already expired. In short, nothing that GE or its alleged agent UBS might have said or done after March 1, 2003, supports any claim for damages in this case. As Senior Judge Lagueux observed in an analogous case, "[t]he no-harm-no-foul rule of the

[2] Roy's rights under the stock options plan are governed by New York law. GE is a New York corporation. Complaint at ¶ 2.

basketball court should be applied in this law court." *In re DeMartino*, 108 B.R. 394, 403 (D.R.I. 1989) (ruling that even if there was a breach of warranty with respect to the lack of a proper certificate of occupancy, there was no evidence of any damages which resulted from that alleged violation).

Accordingly, Roy has no claim for breach of contract or breach of the duty of good faith and fair dealing (which is dependent on a valid contract) because he failed to exercise his stock options within the contractually-required one year deadline or by March 1, 2003. *See Reynolds*, 214 F.2d at 398 (failure to exercise option by deadline resulted in no binding contract being formed); *Onanuga*, 369 F. Supp.2d at 496-97 (upon expiration of unexercised stock options, there is no breach of contract claim); *Jones v. Bank of America*, 311 F. Supp.2d 828, 834-35837 (D. Ariz. 2003) (same) *Mullen v. New Jersey Steel Corp.*, 733 F. Supp. 1534, 1554 (D.N.J. 1990) (same); *Gillman v. Bally Manufacturing Corp.*, 286 N.J. Super. 523, 529-32, 670 A.2d 19, 21-23 (N.J. App. 1996) (same); *Page*, 169 N.Y. at 252-53, 62 N.E. at 357-58 (where an option has expired by failure to make a tender on a day specified, it cannot be enforced "and the situation was precisely the same as if there had never been one"). The law is clear – "It is incumbent on the optionee to exercise the option in the manner provided in the contract and, unless such requirements are waived, the failure to do so, or his attempt to exercise it in another manner, is inoperative to form a binding contract for sale." *Reynolds*, 214 F.2d at 398. Likewise, his tort-based and equitable claims -- promissory and/or equitable estoppel, negligent and fraudulent misrepresentation and unjust enrichment -- fail because, even assuming some misconduct or misrepresentation on GE's or UBS's part on March 10, 2003, it could not have had any effect on any decision he could make on his stock options. *See DeMartino*, 108 B.R. at 403.[3] The options

[3] Justifiable reliance or causation resulting in damages are necessary elements for each of the tort-based and equitable claims. *Olshansky v. Rehrig Intern.*, 872 A.2d 282, 289 (R.I. 2005) (negligence); *Filippi v. Filippi*, 818

had already expired by that point. Any misconduct or misrepresentation, even assuming it occurred, was not a basis for compensable liability in this case under any theory.

**CONCLUSION**

For the foregoing reasons, Defendant General Electric Company respectfully requests that the Court dismiss Plaintiff David Roy's complaint for failure to state a claim upon which relief may be granted.

GENERAL ELECTRIC COMPANY
By its Attorneys,

*/s/ David A. Wollin*
DAVID A. WOLLIN (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
Dated: May 25, 2007

---

A.2d 608, 626 (R.I. 2003) (promissory estoppel); *Francis v. American Bankers Life Assur. Co. of Florida*, 861 A.2d 1040, 1046 (R.I. 2004) (fraudulent and negligent misrepresentation).

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of May, 2007, I did send a true copy of the within document by electronic means (ECF) to the following:

William M. Kolb, Esq.
One Ship Street
Providence, RI 02903

Christine M. Curley, Esq.
275 Beacon Drive
North Kingstown, RI 02852

*/s/ David A. Wollin*

*417263_1.doc*