UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID ROY,<br>*Plaintiff,*<br><br>VS.<br><br>GENERAL ELECTRIC COMPANY<br>UBS FINANCIAL SERVICES INC., f/k/a<br>UBS PAINE WEBBER, INC. and various<br>John and Jane Does, Alias, and John Doe<br>Corporation, Alias<br><br>*Defendants.* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C. A. No. 07-107S |

**DEFENDANT UBS FINANCIAL SERVICES INC.'S MOTION TO DISMISS**

Defendant, UBS Financial Services, Inc. ("UBS"), hereby moves for an order of this Court dismissing all causes of action plaintiff asserts against UBS, Counts III, IV, V, and VI of plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). In support of its motion, UBS relies on the Memorandum of Law filed contemporaneously herewith.

Respectfully submitted,
UBS FINANCIAL SERVICES INC.
By its attorneys,

/s/ Rachelle R. Green, Esq.
Robert M. Duffy, Esq. (# 4428)
Rachelle R. Green, Esq. (#5870)
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
401) 455-0701-facsimile

Dated: May 25, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within *Defendant UBS Financial Services, Inc.'s Motion to Dismiss* was filed through the ECF system on the 25th day of May, 2007, and will be sent electronically to the counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

***Via Electronic Filing***

William M. Kolb, Esq.
Law Offices of William M. Kolb, Esq., LLC
One Ship Street
Providence, RI 02903

Christine M. Curley, Esq.
275 Beacon Drive
North Kingstown, RI 02852

David A. Wollin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

/s/ Rachelle R. Green

*H:\Clients\UBS\Roy\Pleadings\ Motion to Dismiss.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID ROY,<br>*Plaintiff,*<br><br>VS.<br><br>GENERAL ELECTRIC COMPANY<br>UBS FINANCIAL SERVICES INC., f/k/a<br>UBS PAINE WEBBER, INC. and various<br>John and Jane Does, Alias, and John Doe<br>Corporation, Alias<br><br>*Defendants.* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C. A. No. 07-107S |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

## I. INTRODUCTION

The uncontested facts in plaintiff David Roy's ("Mr. Roy") Complaint require dismissal of his causes of action against UBS Financial Services Inc. ("UBS"), because Mr. Roy had no right to exercise the stock options issued to him by his employer, defendant General Electric Company ("GE"), when he first accessed UBS' website on March 10, 2003.

The gravamen of Mr. Roy's Complaint is that he was injured because he relied on an incorrect options expiration date provided to him by UBS on March 10, 2003. However, it was Mr. Roy's own miscalculation of his termination date that caused his loss, when his options expired unexercised on March 1, 2003.[1] Mr. Roy therefore admits that any such purported reliance occurred after his options expired, and he therefore cannot prove the

[1] Mr. Roy states that GE gave him 24 weeks of salary and other benefits following the last day of his employment, September 14, 2001. Mr. Roy errs in his addition, however, alleging that his employment with GE officially terminated "on or about March 14, 2002," rather than the correct date of March 1, 2002. (Complaint ¶ 17),

element of causation required by all of his claims against UBS. Nor can Mr. Roy's sustain his claims against UBS sounding in misrepresentation, because any reliance by Mr. Roy on UBS' alleged misrepresentations after his stock options expired was neither justifiable nor reasonable – Mr. Roy admits he possessed (and his Complaint contains) accurate and necessary information required to timely exercise his options.

For these reasons, Mr. Roy's Complaint fails to allege the predicate facts necessary to state sustainable claims against UBS for promissory or equitable estoppel, negligent misrepresentation, fraudulent misrepresentation, or negligence. Mr. Roy's Complaint cannot survive without rights to exercise his GE stock options on the date he discovered and relied on allegedly incorrect option expiration information on UBS' website. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), Counts III, IV, V and VI of Mr. Roy's Complaint, the causes of action asserted against UBS, should be dismissed. Indeed, Mr. Roy's entire Complaint should be dismissed, with prejudice.

## II. FACTS[2]

Mr. Roy was employed by GE from September 5, 1997, until he was laid off on September 14, 2001. (¶ 8, 16). As part of its incentive program, during his employment, GE gave Mr. Roy stock options to purchase shares of the company's common stock on at least 3 occasions. (¶ 9). At the time he was terminated, Mr. Roy had 14,500 stock options, exercisable at different prices. (¶¶ 11 – 13).

Upon termination, pursuant to Mr. Roy's severance agreement with GE, he was given 24 weeks of salary and other benefits. (¶ 17; Complaint, Exhibit E, Letter from Mr. Roy to

[2] As is required by Fed. R. Civ. P. 12(b)(6), all facts taken from the allegations of Plaintiff Roy's Complaint, noted by paragraph number, are accepted as true for purposes of this motion only.

William J. Conaty, dated February 16, 2004 (references "24 weeks of salary continuance")).[3] Therefore, his employment with GE officially terminated 24 weeks after September 14, 2001, on March 1, 2002, not on March 14, 2002, the date provided in Mr. Roy's Complaint. (*Id.*) *See* Calendars from 2001 – 2003, attached hereto as *Exhibit A*.

Upon lay off, GE's stock option program permitted a former employee to exercise stock options within one year after termination of service. (¶ 18). Pursuant to the terms of GE's stock option program, Mr. Roy could exercise all of his stock options on or before September 12, 2002. (¶ 11 – 14). Therefore, accepting the allegations in Mr. Roy's Complaint, all of his GE stock options were available to be exercised between September 12, 2002 and March 1, 2003, the exercise expiration date—also one year and 24 weeks following his termination date.

GE's stock option program was administered by UBS. (¶ 10) On March 10, 2003, Mr. Roy checked UBS' website "to exercise his options." (¶ 19). On that day, the UBS website allegedly incorrectly stated that Mr. Roy's stock options did not expire until March 1, 2004, rather than the actual expiration date of March 1, 2003. (¶ 20). On March 10, 2003, Mr. Roy also allegedly spoke to a UBS representative, who recited to him the same expiration date reflected on the UBS website. (¶ 21). By Mr. Roy's own admission, he failed to take any action in furtherance of exercising his stock options prior to March 1, 2003, the date on which his options expired. Mr. Roy does not allege that he had any contact with UBS whatsoever within the period he could have exercised his options.

[3] This Court may consider documents attached to Mr. Roy's Complaint without converting this motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 56. *See e.g., Rhode Island Broth. of Correctional Officers v. Rhode Island*, 264 F. Supp.2d 87, 92 (D.R.I. 2003).

## III. ARGUMENT

### A. Plaintiff's Complaint Fails to State a Claim Against UBS upon which Relief can be Granted.

#### 1. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A well-pled complaint must state factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory. *See Platten v. HG Berm. Exempted Ltd.*, 437 F.3d 118, 127 (1st Cir. 2006)(citation omitted). Dismissal under Rule 12(b)(6) is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rhode Island Laborers' Health & Welfare Fund ex rel. Trustees v. Philip Morris, Inc.* 99 F. Supp.2d 174, *177 (D.R.I. 2000)(citations omitted); 5A Wright and Miller, *Federal Practice and Procedure* § 1357 (1990). However, "minimal requirements are not tantamount to nonexistent requirements." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir. 1988). The standard "does not mean . . . that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized. '[E]mpirically unverifiable' conclusions, not 'logically compelled, or at least supported, by the stated facts,' deserve no deference." *United States v. AVX Corp.,* 962 F.2d 108, 115 (1st Cir. 1992)(citations omitted). The court need not accept as true "bald assertions," inferences unsupported by facts set out in the complaint, or legal conclusions cast as factual allegations. *Abbott v. United States*, 144 F.3d 1, 2 (1st Cir. 1998)(citations omitted).

Courts may also consider matters fairly incorporated within the complaint and matters susceptible to judicial notice (*e.g.*, calendars and date computations) when deciding a motion to dismiss without converting the motion into one for summary judgment. Fed. R. Evid. 201 (the court may take judicial notice of facts "capable of accurate and ready determination by

resort to sources whose accuracy cannot reasonably be questioned"); *see also Greene v. Rhode Island*, 398 F.3d 45, 48 (1st Cir. 2005)(quoting *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003)); *Mangiafico v. Blumenthal*, 358 F. Supp.2d 6 (D. Conn. 2005)(court may consider matters of which judicial notice may be taken on motion to dismiss for failure to state claim, so long as the plaintiff relied on the terms and effect of such matters in drafting his complaint). In deciding this motion, this Court may take judicial notice of the date twenty-four weeks following September 14, 2002—i.e., the true expiration date of Mr. Roy's GE stock options, based on the facts he alleged in his Complaint. Mr. Roy affirmatively states that his GE stock options were required to be exercised within 1 year and 24 weeks of the date he was laid off, or no later than March 1, 2003. *See* Calendars from 2001 – 2003, attached hereto as *Exhibit A*.

**2. UBS' Actions Did Not Cause Mr. Roy's Injury**

Each and every count of Mr. Roy's Complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) because, accepting as true the factual allegations in Mr. Roy's Complaint, his right to exercise his GE stock options expired prior to March 10, 2003, the first date upon which he attempted to exercise those options following termination of his employment with GE. Although Mr. Roy declares in his Complaint that "[b]ut for UBS' representations and assurances regarding the expiration date for Plaintiff's stock options, Plaintiff would have exercised his stock options on March 10, 2003," that cannot, as a matter of fact, be true: Mr. Roy could not have exercised his options on March 10, 2003, because they had expired more than a week earlier, on March 1, 2003. (Complaint, ¶ 23) Therefore, Mr. Roy's claims fail because, even if his allegations are true, his loss was caused by his failure to exercise the options by March 1, not by anything UBS did or said after the options expired. In short, UBS

could not have proximately caused Mr. Roy's loss. By March 10, 2003, the date on which he first interacted with UBS, his options were worthless.

To recover damages for failure to honor stock options, an employee must allege and prove that he tried to exercise the options according to their terms and conditions. *See e.g., Preece v. Physicians Surgical Care, Inc.*, 2006 WL 1470268, *8 (S.D. Tex. 2006)("[b]ecause plaintiff [had] no right to exercise expired stock options under the [stock option plans], the court concludes that plaintiff has failed to state a cause of action for declaratory relief or breach of contract"). The facts alleged in Mr. Roy's Complaint leave no doubt that Mr. Roy had knowledge that GE's stock purchase agreement gave him only an option to purchase shares of GE, and that such option ended 1 year and 24 weeks after his last day of employment with GE, or on March 1, 2003. Mr. Roy had sufficient knowledge to correctly compute the expiration date when the last of his options became exercisable in September 2002. He had more than 5 months within which to confirm the expiration date and/or exercise the options, but failed to take any action until March 10, 2003, more than a week after they expired.

**B. <u>Counts III, IV, V and VI of Mr. Roy's Complaint Fail to State Facts Sufficient to Support His Claims Against UBS</u>**

Reasonable and justifiable reliance on a defendant's representation and damage caused thereby are common indispensable elements of the equitable and misrepresentation-based causes of action Mr. Roy alleges against UBS. "[C]ausation is [also] an indispensable element" of a negligence claim. *Olshansky v. Rehrig Intern.*, 872 A.2d 282, *291 (R.I. 2005). Because the facts set forth in Mr. Roy's Complaint fail to state requisite elements of his claims, the following counts, which are the only causes of action asserted against UBS, must be dismissed as a matter of law:

- Count III (Promissory and/or Equitable Estoppel)
- Count IV (Negligent Misrepresentation)
- Count V (Fraudulent Misrepresentation/Deceit)
- Count VI ( Negligence)

*See Filippi v. Filippi*, 818 A.2d 608 (R.I. 2003)(the well-settled elements of a claim for promissory estoppel under Rhode Island law are: (1) a clear and unambiguous promise; (2) reasonable and justifiable reliance upon the promise; and (3) detriment to the promisee, caused by his or her reliance on the promise)(citations omitted); *Francis v. American Bankers Life Assur. Co. of Florida*, 861 A.2d 1040, *1046 (R.I.2004)("a *prima facie* case of negligent misrepresentation requires that plaintiff 'establish the following elements: (1) a misrepresentation of a material fact; (2) the representor must either know of the misrepresentation, must make the misrepresentation without knowledge as to its truth or falsity or must make the representation under circumstances in which he ought to have known of its falsity; (3) the representor must intend the representation to induce another to act on it; and (4) injury must result to the party acting in justifiable reliance on the misrepresentation.'"); *Banco Totta e Acores v. Fleet Nat'l Bank,* 768 F. Supp. 943, 947 (D.R.I.1991)(to prove the elements of fraudulent misrepresentation, a plaintiff must demonstrate: 1) that the defendant made a false representation of material fact; 2) that the defendant intended thereby to deceive the plaintiff; 3) that the defendant intended that the plaintiff rely on the representation; 4) that the plaintiff did rely on the representation as true; and 5) that the plaintiff was injured as a result)(citations omitted); *English v. Green,* 787 A.2d 1146, 1151 (R.I.2001)("It is well settled that in order to gain recovery in a negligence action, a plaintiff must establish . . . proximate causation between the conduct and the resulting injury

. . . . [P]roximate cause is established by showing that but for the negligence of the tortfeasor, injury to the plaintiff would not have occurred.")(citations omitted).

Mr. Roy could not have reasonably relied on the expiration date for his GE stock options UBS provided to him on March 10, 2003 – he concedes he had knowledge that his options expired more than a week earlier, 1 year and 24 weeks after his termination. More importantly, any detriment he suffered was caused by his own miscomputation of the time the options were exercisable. Although Mr. Roy blames his failure to exercise his GE stock options in a timely fashion on UBS, the misrepresentations and negligence he attributes to UBS, which must be accepted as true for the purposes of this motion, all occurred after his right to exercise the options had expired. Any alleged misinformation posted on the UBS website or provided to him on March 10, 2003 (or on any date after March 1, 2003) could not have affected his option exercise rights as a matter of law, because they were non-existent by that time. Mr. Roy has also failed to allege, nor could he prove, other essential elements of his claims against UBS (e.g., an intentional misrepresentation with intent to deceive), however, his inability to sufficiently allege reasonable and justifiable reliance and proximate cause between UBS' alleged misconduct and his injury preclude a finding of liability of and recovery from UBS. Because Mr. Roy's Complaint fails to state a claim or establish a *prima facie* case, his Complaint must be dismissed in its entirety, with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court should dismiss with prejudice all of the claims in Mr. Roy's Complaint, including Counts III, IV, V and VI against UBS, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

UBS FINANCIAL SERVICES INC.
By its attorneys,

/s/ Rachelle R. Green, Esq.
Robert M. Duffy, Esq. (# 4428)
Rachelle R. Green, Esq. (#5870)
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: May 25, 2007

## CERTIFICATE OF SERVICE

I hereby certify that the within *Memorandum of Law in Support of Motion to Dismiss* was filed through the ECF system on the 25th day of May, 2007, and will be sent electronically to the counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

***Via Electronic Filing***

William M. Kolb, Esq.
Law Offices of William M. Kolb, Esq., LLC
One Ship Street
Providence, RI 02903

Christine M. Curley, Esq.
275 Beacon Drive
North Kingstown, RI 02852

David A. Wollin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

/s/ Rachelle R. Green

*H:\Clients\UBS\Roy\Pleadings\Memorandum of Law in Support of Motion to Dismiss.doc*