UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID ROY<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br>UBS FINANCIAL SERVICES, INC., f/k/a<br>UBS PAINE WEBBER, INC.,<br>And various John and Jane Does,<br>Alias, and John Doe Corporations,<br>Alias,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 07-107 S |

**DEFENDANT GENERAL ELECTRIC COMPANY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant General Electric Company moves, pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure, to dismiss Plaintiff David Roy's amended complaint for failure to state a claim upon which relief may be granted. The grounds for this motion are set forth in the accompanying memorandum of law.

GENERAL ELECTRIC COMPANY
By its Attorneys,

*/s/ David A. Wollin*

DAVID A. WOLLIN (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
Dated: August 20, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August, 2007, I did send a true copy of the within document by electronic means (ECF) to the following:

William M. Kolb, Esq.
One Ship Street
Providence, RI 02903

Robert Duffy, Esq.
Rachelle R. Green, Esq.
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

*/s/ David A. Wollin*

424184_1.doc

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID ROY<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br>UBS FINANCIAL SERVICES, INC., f/k/a<br>UBS PAINE WEBBER, INC.,<br>And various John and Jane Does,<br>Alias, and John Doe Corporations,<br>Alias,<br><br>Defendants. | : | C.A. No. 07-107 S |

**DEFENDANT GENERAL ELECTRIC COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant General Electric Company ("GE") hereby submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure, to dismiss Plaintiff David Roy's ("Roy") amended complaint for failure to state a claim upon which relief may be granted.

## INTRODUCTION

In a stunning development, Roy has changed his story. In his original complaint, Roy claimed that he failed to exercise his stock options within the one-year expiration date because he accessed the UBS website on *March 10, 2003* and read that the expiration date was March 1, 2004. Roy now concedes that his original complaint failed to state a claim because by the time he claims he accessed the website on March 10, 2003, his options had already expired. Thus, any erroneous information on the website on March 10, 2003 could not have influenced his

decision. As Roy states in his brief: "If, in fact, after being laid off, Roy had not visited the UBS website until March 10, 2003, GE and UBS would be correct in arguing that no harm was caused by UBS' failure to state the correct deadline and, therefore, the complaint should be dismissed." Plaintiff's Memorandum of Law in Support of Objection to Motions to Dismiss ("Roy Mem.") at 4.

Rather than concede he has no claims against defendants, Roy has fundamentally changed his story. In the amended complaint, although still conceding that he mistakenly believed his options expired March 14, 2003, rather than March 1, 2003 (*i.e.*, one year from his termination date), Roy now alleges that between September 14, 2001 and March 1, 2003, he checked the UBS website "periodically" to review his stock option account, that on each occasion (he does not say when or how many times) the UBS website stated that his stock options did not expire until March 1, 2004, and that as a result of that information he did nothing to exercise his stock options on or before March 1, 2003. If this were trial, Roy's dramatic change of story would not be worthy of belief. However, even assuming Roy's latest story is accurate, Roy's claims fail as a matter of law. Accordingly, GE respectfully requests that Roy's amended complaint be dismissed with prejudice.

## FACTS

On a motion to dismiss pursuant to Rule 12(b)(6), the well-pled facts must be taken as true and all reasonable inferences must be drawn in favor of the plaintiff. *Figueroa v. Rivera*, 147 F.3d 77, 80 (1st Cir. 1998). The Court exempts those "facts" which "have since been conclusively contradicted by plaintiff['s] concessions or otherwise, and likewise eschew[s] any

reliance on bald assertions, unsupported conclusions, and opprobrious epithets." *Chongris v. Board of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987).

In the amended complaint, Roy alleges that he was an employee of GE from on or about September 5, 1977 until September 14, 2001. Amended Complaint at ¶ 8. On at least three occasions, as a GE employee, he was given stock options to purchase shares of GE common stock as part of an incentive program to reward employees for their performance. *Id*. at ¶ 9. The stock option program was administrated for GE by Defendant UBS Financial Services, formerly known as UBS Paine Webber, Inc. ("UBS"). *Id*. at ¶¶ 3, 10.

On or about February 10, 1995, Roy was awarded 3,000 stock options and later exercised 500, leaving a balance of 2,500. *Id*. at ¶ 11. On or about July 16, 1996, Roy was awarded 9,000 stock options and has never exercised them. *Id*. at ¶ 12. In addition, on or about December 1997, Roy was awarded 3,000 stock options and has never exercised them. *Id*. at ¶ 13. Pursuant to GE's stock option program, 50% of the stock options for each grant became available for exercise in the third September following the grant date and the remaining 50% became exercisable in the fifth September following the grant date. *Id*. at ¶ 14. Thus, all of Roy's options became exercisable on or before September 12, 2002. *Id*.

On September 14, 2001, Roy was laid off from employment with GE. *Id*. at ¶ 16. As part of his severance agreement, Roy was given 24 weeks of salary and other benefits (*i.e*., until March 1, 2002). *Id*. at ¶ 17. Pursuant to GE's stock option program, upon a layoff or plant closing, all exercisable stock options expired one year after termination of service. *Id*. at ¶ 18. In Roy's case, the stock options expired one-year from the March 1, 2002 termination date or March 1, 2003. *Id*. at ¶ 19.

Between September 14, 2001, and March 1, 2003, Roy checked the UBS website periodically to review his stock option account. *Id*. at ¶ 20. On each of those occasions, the UBS website stated that Roy's stock options did not expire until March 1, 2004. *Id*. at ¶ 21. As a result of that information, Roy did nothing to exercise his stock options on or before March 1, 2003. *Id*. at ¶ 22.

On March 10, 2003, Roy went to the UBS website to exercise his options because he had erroneously calculated that they expired on March 14, 2003. *Id*. at ¶ 23. At that time, the website stated that Roy's options did not expire until March 1, 2004. *Id*. at ¶ 24 (referencing Exhibit A to Roy's original complaint). On the same day, Roy also called UBS by telephone and was told by a UBS agent/servant/employee that the options did not expire until March 1, 2004. *Id*. at ¶ 25. As a result of the information given to Roy by UBS regarding the time to exercise his options, Roy did not try to exercise his options on March 10, 2003. *Id*. at ¶ 26. On or about March 10, 2003, the pending and exercisable value of Roy's options was $131,819.35. *Id*. at ¶ 27.

In December 2003, Roy once again visited the UBS website in order to review his stock option account, but his access was denied. *Id*. at ¶ 28. In addition, he was informed by an employee of UBS that his stock options account no longer existed. *Id*.

On March 23, 2007, Roy filed suit against GE and UBS. In his amended complaint, Roy has asserted claims against GE for breach of contract (count I), breach of the duty of good faith and fair dealing (count II), promissory and/or equitable estoppel (count III), negligent misrepresentation (count IV), fraudulent misrepresentation (count V), negligence (count VI) and unjust enrichment (count VII).

GE now moves to dismiss all counts of the amended complaint asserted against it.

## ARGUMENT

This Court should dismiss Roy's amended complaint with prejudice because, as a matter of law, he cannot state a claim upon which relief may be granted. Based on the allegations of Roy's amended complaint, he has no viable claims against GE.

At the outset, Roy now concedes that, to the extent any claim is based on action he took *after* March 1, 2003 when his stock options expired, such as his accessing the UBS website or calling UBS on March 10, 2003, those claims cannot survive. Roy Mem. at 4. He is left with his claims based on his pre-March 1, 2003 conduct – allegedly accessing the UBS website "periodically" between September 14, 2001 and March 1, 2003 and allegedly reading incorrect information about the stock option deadline which he concedes expired on March 1, 2003. However, even these allegations are insufficient to support any of his claims against GE.

First, Roy's breach of contract claim (count I) fails because, by his own admission, he had one year from his official termination date to exercise his options or March 1, 2003. Amended Complaint at ¶ 19. He does not dispute that his official termination date was March 1, 2002. *Id*. at ¶ 17. When Roy failed to exercise those options, they expired and thus he has no contract claim. *See Onanuga v. Pfizer, Inc.*, 369 F. Supp.2d 491, 496-97 (S.D.N.Y. 2005) (upon expiration of unexercised stock options, there is no contract); *Page v. Shainwald*, 169 N.Y. 246, 252-53, 62 N.E. 356, 357-58 (1901) (where an option has expired by failure to make a tender on a day specified, it cannot be enforced "and the situation was precisely the same as if there had never been one").[1] *See also Reynolds v. Maples*, 214 F.2d 395, 398 (5th Cir. 1954) (failure to

---

[1] Roy's rights under the stock options plan are governed by New York law. Exhibit 1. The Court may refer to this document at the motion to dismiss stage because it is integral to the plaintiff's pleadings. *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988) ("when plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading."); *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (when resolving a motion to dismiss, courts may consider documents that plaintiff had actual notice of and which were integral to plaintiffs claim even though those documents were not referred to in the complaint); *Tierney v. Omnicom Group*, No. 06 Civ. 14302, 2007 WL

exercise option by deadline resulted in no binding contract being formed); *Jones v. Bank of America*, 311 F. Supp.2d 828, 834-35837 (D. Ariz. 2003) (same); *Mullen v. New Jersey Steel Corp.*, 733 F. Supp. 1534, 1554 (D.N.J. 1990) (same); *Gillman v. Bally Manufacturing Corp.*, 286 N.J. Super. 523, 529-32, 670 A.2d 19, 21-23 (N.J. App. 1996) (same). The law is clear – "It is incumbent on the optionee to exercise the option in the manner provided in the contract and, unless such requirements are waived, the failure to do so, or his attempt to exercise it in another manner, is inoperative to form a binding contract for sale." *Reynolds*, 214 F.2d at 398. That Roy allegedly checked the UBS website prior to March 1, 2003 is irrelevant as it cannot change the one-year expiration date in the stock options contract. *Russo v. Banc of America Securities, LLC*, No. 05 Civ. 2922, 2007 WL 1946541, at *5 (S.D.N.Y. June 28, 2007) (ruling that website could not modify the parties' prior agreement concerning termination of stock options).

Second, Roy's claim for breach of the duty of good faith and fair dealing (count II) fails because this claim is based on precisely the same factual allegations as those supporting the breach of contract claim. *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 508 (2d Cir. 2005) (ruling that claim for breach of duty of good faith and fair dealing is precluded when the claim is based on same factual allegations as breach of contract claim); *Tierney v. Omnicom Group*, No. 06 Civ. 14302, 2007 WL 2012412, at *7 (S.D.N.Y. July 11, 2007) (same). Here, the amended complaint "alleges no additional facts, nor does it highlight or distinguish any particular facts when making this good faith and fair dealing claim." *Tierney*, 2007 WL 2012412, at *7. On the contrary, it essentially repeats and realleges the allegations in the previous paragraphs, and thus this cause of action is not viable. *Id*.

2012412, at *1 n.1 (S.D.N.Y. July 11, 2007). Moreover, GE is a New York corporation, Amended Complaint at ¶ 2, and as such any alleged misrepresentations would have originated there.

Third, Roy's claims for promissory and/or equitable estoppel (count III) and unjust enrichment (count VII) fail because it is impermissible to seek damages in an action sounding in quasi contract where an express contract fully covers the subject matter. *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 587 (2d Cir. 2006); *Tierney,* 2007 WL 2012412, at *8-9; *Labajo v. Best Buy Stores, LP*, 478 F. Supp.2d 523, 530 (S.D.N.Y. 2007).

Fourth, Roy's claims for negligent misrepresentation (count IV) and negligence (count VI) fail based on the economic loss doctrine which precludes negligence causes of action seeking purely economic damages (as opposed to damages for personal injury or property injury) when the parties are in a contractual setting. *Manhattan Motorcars, Inc. v. Automobili Lamborghini,* No. 07 Civ. 978, 2007 WL 1988144, at *9 (S.D.N.Y. July 9, 2007); *Labajo,* 478 F. Supp.2d at 531-32. To keep "contract law 'from drown[ing] in a sea of tort,'" New York courts restrict plaintiffs who have "suffered 'economic loss,' but not personal or property injury, to an action for the benefits of their bargains." *Carmania Corp., N.V. v. Hambrecht Terrell Int'l,* 705 F. Supp. 936, 938 (S.D.N.Y. 1989).

The negligent misrepresentation claim fails for two additional reasons. New York law requires the defendant to have a duty, as a result of a special relationship of trust or confidence, to give correct information. *Manhattan Motorcars, Inc.*, 2007 WL 1988144, at *5. Here, however, Roy's employment relationship with GE is not enough. An employer-employee relationship is not fiduciary in nature, and Roy does not allege any facts from which to infer such a relationship existed. *Onanuga v. Pfizer, Inc.*, No. 03 Civ. 5405, 2003 WL 22670842, at *3 (S.D.N.Y. July 21, 2003). Moreover, the claim is barred by New York's three-year statute of

limitations. *HSBC Bank USA v. Bond, Schoeneck & King, PLLC*, 838 N.Y.S.2d 419, 2007 WL 1585538, at *14 (N.Y. June 4, 2007). Thus, this claim must be dismissed.[2]

Fifth, Roy's fraudulent misrepresentation claim (count V) must be dismissed for two reasons. First, Roy's amended complaint does not comply with Rule 9(b), which requires he plead fraud with particularly, including when the allegedly false statements were made. *Epstein v. C.R. Bard, Inc.*, 460 F.3d 183, 1989-90 (1st Cir. 2006). Here, his assertion that he "periodically" accessed the UBS website sometime between September 14, 2001 and March 1, 2003 is insufficient to meet that burden, particularly given that he has changed his story. Roy should be required to specify the dates he accessed the website between September 14, 2001 and March 1, 2003 or his case should be dismissed. *See Manhattan Motorcars, Inc.*, 2007 WL 1988144, at *8 (plaintiff's failure to identify where representations were made and the defendant's representatives responsible required dismissal of fraud claim).

Even if his allegations were sufficient under Rule 9(b), Roy's fraud claim cannot succeed under Rule 12(b)(6) because he could not have "reasonably relied" upon any alleged misrepresentation as a matter of law, a necessary element of a fraud claim. *Manhattan Motorcars, Inc.*, 2007 WL 1988144, at *3. Roy cannot claim reasonable reliance during the period September 14, 2001 and March 1, 2003 on any alleged misrepresentation on the UBS website. He knew that his termination date was March 1, 2002. Amended Complaint at ¶ 17. He also knew that his options were exercisable for one year following his termination date, expiring on March 1, 2003. *Id.* at ¶¶ 17-19. Where alleged "misrepresentations conflict with the terms of a written agreement, there can be no reasonable reliance as a matter of law." *Ruffino v.*

[2] Roy's negligence claim also fails as a matter of law because he has not asserted, nor can he prove, the existence of a duty owed to him by GE extraneous to his options contract. *See Russo*, 2007 WL 1946541 at *7; *Onanuga*, 2003 WL 22670842, at *3 (S.D.N.Y. 2003).

*Neiman*, 17 A.D.3d 998, 1000, 794 N.Y.S.2d 228, 229, 2005 N.Y. Slip op. 03361 (N.Y. App. 4th 2005) (and cases cited therein). Indeed, by his own admission, he mistakenly believed throughout this entire period when he allegedly relied upon the erroneous website information that the options would not expire until March 14, 2003 – a mistake of his own making. Amended Complaint at ¶ 23. Thus, it is not reasonable as a matter of law, in light of the clear language of the contract and Roy's own mistaken belief that the options would not expire until March 14, 2003, that he relied upon the UBS website information to refrain from exercising his options prior to March 1, 2003.

Likewise, as with the fraud claim, Roy's claims for promissory estoppel (count III), negligent misrepresentation (count IV) and negligence (count VI) fail for lack of justifiable reliance on any alleged promise or misrepresentation by GE. A cause of action for promissory estoppel under New York law requires the plaintiff to prove, *inter alia*, reasonable and foreseeable reliance on a promise made by the defendant that caused plaintiff harm. *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000). A claim for negligent misrepresentation requires the plaintiff to demonstrate, *inter alia*, reasonable reliance on information provided by defendant that caused plaintiff harm. *J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144, 148, 863 N.E.2d 585, 587 (N.Y. 2007). Reliance is necessary in order to demonstrate causation for negligence. *JP Morgan Chase Bank v. Winnick*, 350 F. Supp.2d 393, 405 (S.D.N.Y. 2004). Here, as noted above, Roy knew that his termination date was 24 weeks after September 14, 2001, which turned out to be March 1, 2002. Amended Complaint at ¶¶ 16-19. He also knew that, upon being laid off, he had one year following his official termination to exercise his options. *Id*. at ¶ 18. Although Roy claims he "periodically" visited UBS's website and observed a conflicting March 1, 2004 expiration date, there can be no reasonable reliance when the alleged misrepresentations

conflict with the terms of GE's stock options agreement. *Ruffino*, 17 A.D.3d at 1000, 794 N.Y.S.2d at 229, 2005 N.Y. Slip op. 03361. Indeed, the same webpage contained clear and unambiguous language stating that the information displayed was "subject to the terms of the grants of such awards and of the Plan under which the grants were made." Amended Complaint at ¶ 24 (referencing Exhibit A to Roy's original complaint). Additional language warned Roy that "[t]ermination of employment will affect the ability of being exercised and the expiration of Options." *Id*. The webpage also informed Roy that "GE reserves the right to make corrections to [the displayed] data." *Id*. Nevertheless, he failed to take any action to ascertain and/or confirm the applicable expiration date until March *10*, 2003, more than a week after his options expired. Thus, the express expiration date in GE's stock options agreement upon termination, Roy's own admitted mistake that the expiration was after March 1, 2003, together with the clear disclaimers posted on UBS's website, preclude a finding of reasonable and justifiable reliance. In short, Roy could not, as a matter of law, reasonably or justifiably rely on the allegedly incorrect date on UBS's website. *JP Morgan Chase Bank*, 350 F. Supp.2d at 405-10; *Ruffino*, 17 A.D.3d at 1000, 794 N.Y.S.2d at 229, 2005 N.Y. Slip op. 03361. As one New York court has noted, "New York courts have repeatedly found that reasonable reliance was absent where a party failed to review available records or secure available documentation which would have otherwise armed it with the truth." *Waksman v. Cohen*, 2002 WL 31466417, at *6 (S.D.N.Y. 2002) (collecting cases). Accordingly, these claims must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant General Electric Company respectfully requests that the Court dismiss Plaintiff David Roy's amended complaint with prejudice for failure to state a claim upon which relief may be granted.

GENERAL ELECTRIC COMPANY
By its Attorneys,

*/s/ David A. Wollin*
DAVID A. WOLLIN (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
Dated: August 20, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August, 2007, I did send a true copy of the within document by electronic means (ECF) to the following:

William M. Kolb, Esq.
One Ship Street
Providence, RI 02903

Robert Duffy, Esq.
Rachelle R. Green, Esq.
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

*/s/ David A. Wollin*

424184_1.doc