UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID ROY<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br>UBS FINANCIAL SERVICES, INC., f/k/a<br>UBS PAINE WEBBER, INC.,<br>And various John and Jane Does,<br>Alias, and John Doe Corporations,<br>Alias,<br><br>Defendants. | : | C.A. No. 07-107 S |

**DEFENDANT GENERAL ELECTRIC COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant General Electric Company ("GE") hereby submits this reply brief in support of its motion, pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure, to dismiss Plaintiff David Roy's ("Roy") amended complaint for failure to state a claim upon which relief may be granted.

## INTRODUCTION

By Roy's own admission, his stock options contract, governed by New York law, provided for expiration of his stock options one year from his termination. He failed to exercise his options within the year and, thus, his breach of contract claim must be dismissed. He does not contest that if his tort claims are governed by New York law, they too must be dismissed. Rather, he argues that his tort claims are governed by Rhode Island law. He is wrong, for the reasons discussed below. But even under Rhode Island law, Roy's claims fail as a matter of law.

## ARGUMENT

I. ROY'S BREACH OF CONTRACT CLAIM FAILS UNDER NEW YORK LAW

In his amended complaint, Roy asserts that his options expired on March 1, 2003. Amended Complaint at ¶¶ 18-19. However, Roy now argues that the one-year expiration date for the exercise of the options "is not conclusively established by any documents or facts alleged in this case." Roy's last-ditch attempt to run from his own allegations and try to change his story yet again -- this time merely through written argument of counsel -- is to no avail. The allegations in his amended complaint (not his brief) must be accepted as true for purposes of ruling on GE's motion to dismiss. *Figueroa v. Rivera*, 147 F.3d 77, 80 (1st Cir. 1998).

Roy's claim that GE must produce actual contract documents to support its motion to dismiss is without merit because GE is entitled to rely upon Roy's concession of the March 1, 2003 expiration date. GE should not be compelled to convert this motion to dismiss into one for summary judgment in order to substantiate what Roy has alleged and now wishes to re-characterize or, worse, withdraw through arguments of counsel.[1]

In short, based on Roy's concession that his options expired on March 1, 2003, his breach of contract claim fails as a matter of law under New York law, for the reasons set forth more fully in GE's opening papers.

[1] If the Court believes the contract documents are important at this stage of the proceedings, GE will produce them. They show that in Roy's situation, his stock options expired one year from termination of service. Roy's claim that the options "normally" expire in one year references situations that are not applicable to Roy, such as when the owner of the options dies before the year has concluded.

II. NEW YORK LAW APPLIES TO ROY'S TORT CLAIMS

With respect to his tort claims, Roy does not dispute that under New York law those claims fail as a matter of law. Rather, he claims that under Rhode Island law, his claims should survive.

Roy is correct that under Rhode Island law, the court should apply an "interest weighing" approach to determine which state's law to apply in a given case. Under this approach, the court looks at the facts of the particular case and determines the rights and liabilities of the parties "in accordance with the law of the state that bears the most significant relationship to the event and the parties." *Najarian v. National Amusements, Inc.*, 768 A.2d 1253, 1255 (R.I. 2001). However, Roy fails to identify all the factors that must be considered in performing this evaluation. "Factors which must be weighed in determining which law applies are '(1) predictability of result; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law.'" *Id.* In tort cases, the following contacts are also to be considered: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties is centered. *Id.*

Applying these factors, this Court should conclude that New York, not Rhode Island, has the most significant relationship to the events and the parties and thus New York law should apply. New York is paramount here. GE is a New York company. The stock options plan under which Roy claims to own his options is governed by New York law. GE's Memo at Exhibit 1. Moreover, any statements made by GE upon which Roy allegedly relied originated from New York. Further, Roy was a former employee of a New York company, he received his salary and

options from that New York company, and he readily concedes that he never worked in Rhode Island as a GE employee. Rather, he worked "in various different states." Thus, the place where the conduct causing the injury occurred, the predominant residence of the parties during the employment relationship and the place where the relationship between the parties was centered is New York, not Rhode Island.

In addition, as a multi-national company with thousands of employees throughout the world, GE has an expectation that any issues as to the stock options will be governed by New York law, rather than the law of each state or country where a former employee happens to reside at the time he reviews a website. Indeed, that was the reason GE included a Governing Law clause in its stock options plan, providing that the "validity, construction, *and effect* of the Plan and any rules and regulations relating to the Plan" shall be determined in accordance with New York law. GE's Memo at Exhibit 1 (emphasis added). Likewise, the website itself, which Roy appended to his original complaint at Exhibit A, states that all options awards set forth on the website are subject to the terms of the grants of such awards and of the Plan under which the grants were made – again, the Plan states that New York law applies. Moreover, the judicial task will be much simpler if New York law applies, rather than the law of fifty states and elsewhere, and a body of New York law is developed that all courts may apply regardless of location. Thus, the predictability of result, the maintenance of interstate and international order, and the simplification of the judicial task all point to the application of New York law.[2]

In short, all the factors cited above outweigh the sole factor in Roy's favor which finds no basis in the amended complaint – after moving to Rhode Island following his termination, Roy

---

[2] While New York and Rhode Island have interests in protecting their citizens, New York also has an interest in regulating conduct within its borders.

apparently viewed the website from his home computer there. Thus, the Court should apply New York law and dismiss the claims in this case.[3]

## III. EVEN ASSUMING RHODE ISLAND LAW APPLIES, ROY'S TORT CLAIMS FAIL AS A MATTER OF LAW

Although New York law sounds the death knell for Roy's claims, he does not fair any better under Rhode Island law.

Because his stock options were no longer exercisable under New York law after they expired, Roy's claim for breach of the duty of good faith and fair dealing (count II) under Rhode Island law fails as well. Under Rhode Island law, where there is no contractual obligation to take a certain action (in this case, to pay under Roy's expired options), there can be no breach of the covenant of good faith and fair dealing for not taking that certain action. *See Dovenmuehle Mortgage, Inc. v. Antonelli*, 790 A.2d 1113, 1115 (R.I. 2002) (ruling that an implied duty of good faith and fair dealing presupposes that an obligation exists, and in this case no such duty is present); *Zarrella v. Minnesota Mutual Life Ins. Co.*, 824 A.2d 1249, 1261 (R.I. 2003) ("Because we conclude that the trial justice properly dismissed plaintiff's breach of contract claim, her breach of good faith and fair dealing claim similarly is without merit.").

Roy's claims for promissory and/or equitable estoppel (count III) and unjust enrichment (count VII) fail because it is impermissible to seek damages in an action sounding in quasi

---

[3] Roy's reliance on *Crellin Technologies, Inc. v. Equipmentlease Corp.*, 18 F.3d 1 (1st Cir. 1994), is misplaced because in that case the contract containing the choice of law provision was never signed, the provision disappeared from later versions, neither party mentioned the provision in appellate briefs, and there was otherwise no evidence that the parties had chosen Massachusetts to be the source of the applicable law. *Id*. at 6 n.7. In addition, the remaining cases on which Roy rely are distinguishable, primarily because there was no contract at issue and thus, unlike this case, the parties did not explicitly choose a particular state's law to govern their relationship.

contract where an express contract covers the subject matter. *Zarrella*, 824 A.2d at 1260 (and cases cited therein).

Roy's claims for negligent misrepresentation (count IV) and negligence (count VI) fail because here the parties' obligations were governed exclusively by contract. Under the economic loss doctrine, tort claims are unavailable in circumstances in which the parties were in a contractual setting and the injuries were purely economic (as opposed to damages for personal injury or property injury). *Robertson Stephens, Inc. v. Chubb Corp.*, 473 F. Supp.2d 265, 278-79 (D.R.I. 2007); *Levin v. Kilborn*, 756 A.2d 169, 174 (R.I. 2000); *Boston Inv. Property No. 1 State v. E.W. Burman, Inc.*, 658 A.2d 515, 517 (R.I. 1995). Thus, "'when parties have contracted to protect against potential economic liability, as is the case in the construction industry, contract principles override * * * tort principles * * * and, thus, purely economic damages are not recoverable.'" *Boston Investment Property No. 1 State*, 658 A.2d at 517 (quoting *Berschauer/Phillips Constr. Co. v. Seattle School Dist.*, 124 Wash.2d 816, 828, 881 P.2d 986, 993 (1994)).

Roy's reliance on *Forte Bros. Inc. v. Nat'l Amusements, Inc.*, 525 A.2d 1301 (R.I. 1987), is misplaced. The issue in *Forte Bros.* was whether a third-party general contractor (Forte) who suffered an economic loss proximately caused by the negligent performance of an architect/site supervisor (Allen) has a cause of action in negligence against the architect/site supervisor (Allen), notwithstanding an absence of privity of contract. *Id.* at 1302. The Rhode Island Supreme Court determined that an architect/site supervisor (Allen) owes a duty of care to contractors (Forte) who share an economic relationship and community of interest with the architect/site supervisor. *Id.* This holding has no bearing on GE in the present matter, however, because, unlike the relationship between Forte and Allen, GE and Roy had a contractual

relationship in a non-construction dispute; they have defined their relationship by contract and thus their respective rights and obligations are contained therein. *See Robertson Stephens, Inc.*, 473 F. Supp. 2d at 278 ("Rhode Island courts have been reluctant to extend *Forte Bros.* beyond the chainlink fences of a construction site."). Hence, pursuant to the economic loss doctrine, Roy is precluded from recovering purely economic losses in negligence.

The present situation is analogous to *Hart Engineering Co. v. FMC Corp.*, 593 F. Supp. 1471 (D.R.I. 1984), wherein the parties entered into a purchase agreement for various kinds of machinery. A few years after installation of the machinery, defects were discovered and Hart brought several claims against FMC, including claims of negligence. *Id.* at 1480. FMC argued that these claims were purely economic and that such economic loss damages were not recoverable in negligence. *Id.* This Court determined that the law of contracts was the exclusive vehicle for recovery of purely economic losses where the parties were in privity of contract. *Id.* at 1484. Since Hart's claimed damages consisted solely of items of economic loss, the Court determined that such claimed damages were not recoverable under Hart's claims of negligence. Similarly, in *Gail Frances, Inc. v. Alaska Diesel Electric, Inc.*, 62 F. Supp.2d 511, 518 (D.R.I. 1999), the Court determined that the plaintiff's (GFI's) misrepresentation and negligence claims were barred by the economic loss doctrine because GFI's claimed losses were purely economic and because there was privity of contract between GFI and the defendant. Likewise, in this case, Roy's negligence-based claims, seeking purely economic damages, fail because the stock options contract governs their rights and obligations.

With respect to Roy's fraud claim (count V), Roy merely states that he was compelled to rely on the account information provided through the UBS website. However, where alleged misrepresentations conflict with the terms of a written agreement, there can be no reasonable

reliance as a matter of law. *LaFazia v. Howe,* 575 A.2d 182, 185 (R.I.1990); *Stanley Weiss Associates v. Energy Management, Inc.*, C.A. No. 02-1794, 2004 WL 877540, at *5 (R.I. Super. Apr. 7, 2004). Indeed, the webpage, on which Roy claims to have relied, contained clear and unambiguous language stating that the information displayed was "subject to the terms of the grants of such awards and of the Plan under which the grants were made." Amended Complaint at ¶ 24 (referencing Exhibit A to Roy's original complaint). Additional language warned Roy that "[t]ermination of employment will affect the ability of being exercised and the expiration of Options." *Id*. The webpage also informed Roy that "GE reserves the right to make corrections to [the displayed] data." *Id*. Nevertheless, on the basis of his own mistake that he had until March 14, 2003, to exercise his options (Amended Complaint at ¶ 23), he failed to take any action to ascertain and/or confirm the applicable expiration date until March *10*, 2003, more than a week after his options expired. Thus, the express expiration date in GE's stock options agreement upon termination, Roy's own admitted mistake that the expiration was after March 1, 2003, together with the clear disclaimers posted on UBS's website, preclude a finding of reasonable and justifiable reliance upon the UBS website information and did not cause him to refrain from exercising his options prior to March 1, 2003.

Likewise, as with the fraud claim, Roy's claims for promissory estoppel (count III) and negligent misrepresentation (count IV) fail for lack of justifiable reliance on any alleged promise or misrepresentation by GE. A cause of action for promissory estoppel under Rhode Island law requires the plaintiff to prove, *inter alia*, reasonable and justifiable reliance on a promise made by the defendant that caused plaintiff harm. *Filippi v. Filippi,* 818 A.2d 608, 625 (R.I. 2003). A claim for negligent misrepresentation requires the plaintiff to demonstrate, *inter alia*, justifiable reliance on information provided by defendant that caused plaintiff harm. *Mallette v. Children's*

*Friend and Service*, 661 A.2d 67, 69-70 (R.I. 1995). For the same reasons Roy could not have reasonably relied on a misstatement on the UBS website as the basis for his fraud claim, he cannot do so for any other claims. *LaFazia,* 575 A.2d at 185; *Stanley Weiss Associates*, 2004 WL 877540, at *5. Accordingly, these claims must be dismissed too.

Lastly, Roy's fraudulent misrepresentation claim (count V) must be dismissed for failure to comply with Fed. R. Civ. P. 9(b). Roy makes no attempt to specify the dates he accessed the website between September 14, 2001 and March 1, 2003. He merely states his allegations are "plainly adequate," without explanation or elaboration, and tellingly seeks further leave to amend his complaint. That request should be denied.

## CONCLUSION

For the foregoing reasons, Defendant General Electric Company respectfully requests that the Court dismiss Plaintiff David Roy's amended complaint with prejudice for failure to state a claim upon which relief may be granted.

GENERAL ELECTRIC COMPANY
By its Attorneys,

*/s/ David A. Wollin*

DAVID A. WOLLIN (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
Dated: September 19, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September, 2007, I did send a true copy of the within document by electronic means (ECF) to the following:

William M. Kolb, Esq.
One Ship Street
Providence, RI 02903

Robert Duffy, Esq.
Rachelle R. Green, Esq.
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

*/s/ David A. Wollin*

429268_1.doc